**Ray MARSHALL, Individually and on behalf of his Wife and Children, Plaintiff–Appellant,**

v.

**Donna E. SHALALA,\* Secretary of Department of Health and Human Services of the United States, Defendant–Appellee.**

Nos. 92–2038 & 92–2253.

United States Court of Appeals, Tenth Circuit.

June 30, 1993.

James A. Burke, of Santa Fe, NM, for plaintiff-appellant.

Don J. Svet, U.S. Atty.; Ronald F. Ross, Asst. U.S. Atty.; Donald A. Gonya, Chief Counsel for Social Security; Randolph W. Gaines, Deputy Chief Counsel for Social Security; A. George Lowe, Deputy Chief Counsel for Social Security Disability Litigation, and Lawrence A. Levey, Attorney, Office of the Gen. Counsel, Social Security Div., Dept. of Health and Human Services, for defendant-appellee.

Before TACHA, BALDOCK, and KELLY, Circuit Judges.

TACHA, Circuit Judge.

In Case No. 92–2038, Ray Marshall appeals a district court order dismissing his claim for relief from a Social Security Administration ("SSA") decision terminating his social security blind benefits. In Case No. 92–2253, Mr. Marshall appeals a subsequent district court order denying his Fed.R.Civ.P. 60(b) motion. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm both orders.[1]

---

\* Donna E. Shalala is substituted for Louis Sullivan, M.D., pursuant to Fed.R.App.P. 43(c)(1).

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the

■ Before addressing the merits of the appeals, we briefly address a jurisdictional issue in Case No. 92–2038 that we requested the parties to brief on April 16, 1992. The district court dismissed plaintiff's complaint in its Memorandum Opinion and Order filed February 4, 1992, in which it ordered that "all of plaintiff's pending motions are DE-NIED, defendant's motion to dismiss is GRANTED, and this case is hereby DIS-MISSED." On February 6, 1993, the court filed another order, which states in its entirety:

> I filed a memorandum opinion and order disposing of this case on [February] 4, 1992.[2] Since then, plaintiff's renewed motion for summary judgment or preliminary injunction, filed January 30, 1992, has come to my attention. Nothing in this renewed motion changes my [February] 4, 1992 ruling and thus, this motion shall be denied.
>
> IT IS THEREFORE ORDERED that plaintiff's renewed motion for summary judgment or preliminary injunction is DE-NIED.

The February 4, 1992 ruling does not expressly address itself to plaintiff's January 30, 1992 motion.

On February 20, 1992, Marshall filed a motion for reconsideration of the court's February 4 order. The court denied the motion on March 11, 1992, exactly one week after Marshall filed his notice of appeal. If the February 4 order were the final order, then we would construe the February 20 motion as a Fed.R.Civ.P. 60(b) motion for relief from the judgment or order. *See Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991), *cert. denied,* ── U.S. ──, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992). Because a Rule 60(b) motion does not toll the time for taking an appeal, *see* Fed.R.App.P. 4(a)(4);

Fed.R.Civ.P. 60(b), Marshall's notice of appeal would be timely as to the February 4 order.

If, however, the February 6 order were the final order, we would construe the February 20 motion as a Fed.R.Civ.P. 59(e) motion to alter or amend the judgment. *See Van Skiver,* 952 F.2d at 1243. Because a Rule 59(e) motion does toll the time for taking an appeal, Marshall's notice of appeal would be premature and, therefore, a nullity. *See* Fed.R.App.P. 4(a)(4).

We conclude that the February 4 order was the final judgment of the case.[3] "Generally, an order is final if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *In re Durability, Inc.,* 893 F.2d 264, 265 (10th Cir.1990). "It is well settled that an order dismissing the action ... is a final judgment." *Sherr v. Sierra Trading Corp.,* 492 F.2d 971, 978 (10th Cir.1974). The February 4 order, although it failed to reference the January 30 motion, did deny all pending motions and dismiss the case. This order was, for all practical purposes, a final judgment.

The district court's February 6 order does nothing to change our conclusion. We construe that order to be an attempt by the district court to alter or amend its February 4 order sua sponte under Rule 59(e) by adding an express denial of the January 30 motion. The Eleventh Circuit permits such sua sponte motions so long as they are made within the Rule 59(e) ten-day period. *See, e.g., Burnam v. Amoco Container Co.,* 738 F.2d 1230, 1232 (11th 1984). We need not decide whether that practice is permissible in this circuit because, even if it were, the February 6 order would not have tolled the ten-day period for Marshall to file his own Rule 59(e) motion. Thus, Marshall's February 20 motion still could not be a timely Rule 59(e)

determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

**2.** Although the order refers to a January 4, 1992 order, it is clear that the court intended to refer to its February 4, 1992 order.

**3.** Although the district court clerk never filed a separate document entering the judgment as is required by Fed.R.Civ.P. 58, we waive the sepa-

rate document requirement in this case. This is not a case where waiver of the rule would defeat this court's jurisdiction. *See Clough v. Rush,* 959 F.2d 182, 185–86 (10th Cir.1992). Moreover, a remand for the sole purpose of entry of the Rule 58 separate document would be an "exercise in 'wheel spinning.'" *Id.* at 186 (quoting *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 385, 98 S.Ct. 1117, 1120, 55 L.Ed.2d 357 (1978)).

motion, but rather would be a Rule 60(b) motion, which does not toll the time for taking an appeal. We conclude that the notice of appeal was timely and turn to the merits of Case No. 92–2038.

 Marshall argues that the district court erred in dismissing his complaint for failure to exhaust administrative remedies because the exhaustion requirement should be waived pursuant to the three-part test established in *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). More specifically, he contends that he need not exhaust his administrative remedies because (1) full exhaustion would be futile, (2) he has suffered irreparable harm, and (3) he states a colorable constitutional claim that is collateral to his substantive claim of entitlement to social security blind benefits. *See id.* at 330–32, 96 S.Ct. at 900–01; *see also Koerpel v. Heckler,* 797 F.2d 858, 862 (10th Cir.1986). Although the district court did not expressly apply the *Mathews* test, the court did state that it found Marshall's constitutional claim to be meritless. We agree and affirm on that ground.

Marshall's sole constitutional claim is that the SSA failed to give him constitutionally adequate notice before terminating his benefits on October 21, 1991. As the district court noted, however, Marshall subsequently received notice on December 21, 1991 that his claim was being reconsidered. The SSA specifically informed Marshall that he had an opportunity to contest the factual findings of the agency. Although Marshall may not have received the notice he was due at the *first* stage of the process, no ultimate harm resulted from that initial error because on December 17, 1991, the district court ordered the SSA to restore Marshall's prior benefits and to provide him with interim benefits for 21 days. Thus, by the time his benefits effectively terminated, Marshall had received notice and had an opportunity to contest the termination. We therefore conclude that Marshal has failed to state a colorable constitutional claim and is not entitled to waiver of the exhaustion requirement.

In Case No. 92–2253, Marshall appeals the denial of his Rule 60(b) motion for relief from the February 4 order on the grounds of newly discovered evidence. The district court concluded that the evidence at issue was not "newly discovered" because Marshall had had access to it long before the case was dismissed in February of 1992. Moreover, the court reiterated its conclusion that it had no jurisdiction to hear the case because administrative proceedings were still pending. After reviewing for an abuse of discretion, *Lyons v. Jefferson Bank & Trust,* 994 F.2d 716, 727 (10th Cir.1993), we affirm for substantially the same reasons given by the district court.

**AFFIRMED.**