17 F.3d 1437
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re Hugh J. HINTZE, Debtor.
W. Lamonte ROBISON, Trustee for the Estate of Hugh J.
Hintze, Plaintiff-Appellee,
v.
Suzanne H. WEAVER, Mary Ellen H. Pugsley, and Telitha H.
Giesler, Defendants-Appellants.
 No. 92-4228.
 United States Court of Appeals, Tenth Circuit.
 Feb. 22, 1994.
 
 ORDER AND JUDGMENT[1]
 Before BALDOCK, BARRETT, and McKAY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendants Suzanne Weaver, Mary Ellen Pugsley, and Telitha Giesler appeal from a decision of the district court affirming the bankruptcy court's entry of summary judgment in favor of the trustee. In this adversary proceeding, the trustee sought to avoid certain transfers of property and cash made within one year of debtor Hugh Hintze's bankruptcy filing. The defendants are all daughters of the debtor. On appeal, they argue summary judgment was inappropriate, and that the bankruptcy and district courts erred in refusing to abstain from deciding a state law issue. They also argue the district court should have taken judicial notice of the full record in the bankruptcy court proceeding.
 
 
 3
 At the outset, we must determine whether we have jurisdiction to consider this appeal. Both parties have filed supplemental briefs on the question whether the notice of appeal was filed in a timely fashion. In particular, the parties dispute whether the defendants complied with the time limits set forth in Fed.R.App.P. 4(a)(5). We need not reach this question, however, because our review of the record reveals that no separate document evidencing judgment was ever filed in the district court.
 
 
 4
 Rule 58 requires that "[e]very judgment ... be set forth on a separate document." Fed.R.Civ.P. 58. This rule is intended to eliminate uncertainty as to when final judgment has entered so as to trigger the appellate process. Clough v. Rush, 959 F.2d 182, 185 (10th Cir.1992). The Supreme Court has advised that the rule should be interpreted to prevent the loss of appeal rights. Bankers Trust Co. v. Mallis, 435 U.S. 381, 386 (1978); see also Marshall v. Shalala, 5 F.3d 453, 454 n. 3 (10th Cir. 1993)(waiver may not be used to defeat jurisdiction), petition for cert. filed, (U.S. Dec. 9, 1993)(No. 93-7027). Because no separate entry was made here, the district court's order was still appealable at the time defendants' notice was filed on December 18, 1992. See Shalala v. Schaefer, 113 S.Ct. 2625, 2632 (1993)("Absent a formal judgment, the District Court's ... order remained 'appealable' at the time ... [plaintiff] filed his application for ... fees."); see also Reid v. White Motor Corp., 886 F.2d 1462, 1467-68 (6th Cir.1989), cert. denied, 494 U.S. 1080 (1990). Consequently, we have jurisdiction to consider the arguments raised.
 
 
 5
 After carefully reviewing the record, however, and the applicable law, we discern no error in the district court's memorandum order and decision. See Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990)(circuit court review of summary judgment decision is de novo). As a consequence, we AFFIRM the decision of that court for substantially the reasons set forth in its order dated October 7, 1992.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470