19 F.3d 33
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Antonio J. BACA, Plaintiff-Appellant,
v.
Louis MENYHERT, individually, Secretary of the Initerior
Department Bruce E. Babbitt. Bureau of Land Management New
Mexico State Director Monte Jordan, and Tim Heisler, in
their official capacities, Defendants-Appellees.
 No. 92-2206.
 United States Court of Appeals, Tenth Circuit.
 March 11, 1994.
 
 Before BALDOCK, BARRETT, and McKAY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Antonio J. Baca appeals the district court's ruling against him on the government's motion to affirm two prior decisions of the Interior Board of Land Appeals (IBLA). The focus of this case is an exchange of land, proposed by defendant Menyhert pursuant to 206(a) of the Federal Land Policy and Management Act of 1976 (FLPMA), 43 U.S.C. 1716(a), and approved by the New Mexico State Director of the Bureau of Land Management (BLM). Baca held a grazing lease covering the federal land to be exchanged. The BLM decision was appealed and affirmed by the IBLA in City of Santa Fe, et al., 103 IBLA 397 (1988)(IBLA No. 86-1531). Further appeal to the district court resulted in a limited remand, Appellees' Supp.App. at 128-29. The IBLA again affirmed the approval of the exchange in City of Santa Fe. et al., 120 IBLA 308 (1991)(IBLA No. 90-300). Back before the district court, the government moved to dismiss Baca's claims, and Baca moved for an evidentiary hearing. The district court denied Baca's motion as improper under the Administrative Procedure Act (APA), 5 U.S.C. 551-559, 701-706, et seq., and granted the government's motion to dismiss, ruling that (1)substantial evidence existed for the Board's findings; (2)the Secretary did not act arbitrarily or capriciously in approving the exchange; and (3)the Secretary's decision was not contrary to law or an abuse of discretion.
 
 1. Jurisdiction
 
 3
 The district court's order was dated and filed March 26, 1992, and entered on the civil docket of that court on March 30, 1992. Baca filed his notice of appeal on October 1, 1992, following two motions for leave to file out of time which were granted by the district court. On appeal, this court ordered additional jurisdictional briefing, directed toward the question whether Baca's notice of appeal was timely. The parties filed briefs addressing this issue in light of the recently amended provisions of appellate Rule 4, Fed.R.App.P. 4(a)(6).
 
 
 4
 We conclude that Baca's notice of appeal was timely, but we do so without reaching the issues briefed by the parties. The district court docket sheet evidences that the district court failed to file a separate final judgment following its order, as required by Fed.R.Civ.P. 58. While the parties apparently treated the district court's order as a final judgment, which in some cases would result in a waiver of the rule, see Clough v. Rush, 959 F.2d 182, 185 (10th Cir.1992), we will not presume waiver of the rule in this case, where waiver would defeat appellate jurisdiction. Marshall v. Shalala, 5 F.3d 453, 454 n. 3 (10th Cir.1993), petition for cert. filed, --- U.S.L.W. ---- (U.S. Dec. 9, 1993)(No. 93-7027); Clough, 959 F.2d at 186. The Supreme Court recently noted that, although a separate judgment document is not required for a district court order to become appealable, failure to file a formal judgment causes the district court's order to remain appealable. Shalala v. Schaefer, 113 S.Ct. 2625, 2632 (1993)(citing Bankers Trust Co. v. Mallis, 435 U.S. 381 (1978)(per curiam)). Because a judgment pursuant to Rule 58 was not filed in this case, the district court's order remained appealable and Baca's notice of appeal was timely.
 
 2. Land Exchange
 
 5
 We review Baca's challenges to the approved land exchange under a deferential standard, as set out in the APA: "The reviewing court shall ... hold unlawful and set aside agency action, findings, and conclusions found to be ... arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law...." 5 U.S.C. 706(2)(A); see Foust v. Lujan, 942 F.2d 712, 714 (10th Cir.1991), cert. denied, 112 S.Ct. 1668 (1992).
 
 
 6
 "While our inquiry must be 'searching and careful,' we must uphold the agency if there is a rational basis for its opinion. 'All the agency need do is demonstrate it considered relevant factors and alternatives after a full ventilation of the issues, and that the choice it made was reasonable based on those considerations.' "
 
 
 7
 National Parks & Conservation Ass'n v. FAA, 998 F.2d 1523, 1532 (10th Cir.1993)(quoting Thomas Brooks Chartered v. Burnett, 920 F.2d 634, 643 (10th Cir.1990)).
 
 
 8
 On appeal, Baca argues that the Secretary's approval of the land exchange was arbitrary and capricious because of numerous "irregularities," essentially allegations of fraud, collusion, and conflict of interest involving defendant Menyhert. Baca contends that the district court should have remanded the case for further factual development in light of these allegations.
 
 
 9
 We decline to address this argument because Baca's brief does not identify where he raised this argument below, beyond a general statement that he raised allegations of irregularity "both in his original protest and in his Appeal of the IBLA decision." Appellant's Br. at 14. In this circuit, litigants are required to state where in the record each issue brought on appeal was raised and ruled on below, 10th Cir. R. 28.2(c); Moore v. Subaru of Am., 891 F.2d 1445, 1448 (10th Cir.1989). The reconstructed administrative record in this case[2] covers over six years of proceedings before the agency and district court, and is voluminous, see Appellee's Supp. Appendix at 148-149, 151-179. We decline to "sift through" the record to find support for Baca's argument that he presented these allegations to the agency and that the agency failed to properly consider them in reaching its decision to approve the land exchange. See SEC v. Thomas, 965 F.2d 825, 827 (10th Cir.1992)(appellant bears burden to provide court with essential references to record to carry his burden of proving error); Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1513-14 (10th Cir.1990)(where record is voluminous, it is imperative that appellant provide specific references to record). Accordingly, we defer to the trial court's ruling, which dismisses Baca's claims on this issue. See id. at 1514; Moore, 891 F.2d at 1448.
 
 
 10
 Second, Baca contends that the land exchange is void because the BLM and the Secretary failed to provide an environmental impact statement or environmental assessment, as required by the National Environmental Policy Act of 1969 (NEPA), 42 U.S.C. 4321, 4331-4335, 4341-4347. Appellees argue that Baca has waived judicial review of this issue because 1) he failed to raise it before the IBLA and, 2) although raised, Baca failed to argue this issue before the district court. Baca does not dispute these points, and, again, has not cited to evidence in the record which would suggest that he has exhausted the issue administratively or argued the issue before the district court. Accordingly, we decline to address Baca's arguments regarding NEPA's environmental assessment requirements. See 10th Cir. R. 28.2(c); Northern Plains Resource Council v. Lujan, 874 F.2d 661, 666-67 (9th Cir.1989)(in light of deferential standards of agency review, regulatory violations raised for the first time of appeal not considered absent special circumstances); Rocky Mountain Oil & Gas Ass'n v. Watt, 696 F.2d 734, 743 (10th Cir.1982)(general rule that litigant must exhaust administrative remedies); Doria Mining & Eng'g Corp. v. Morton, 608 F.2d 1255, 1257 (9th Cir.1979), cert. denied, 445 U.S. 962 (1980)(Department of Interior regulations require administrative exhaustion before judicial review).
 
 
 11
 Finally, Baca argues that he was not provided notice two years in advance of the exchange, as required by 43 C.F.R. 4110.4-2(b). This issue was fully argued before the district court and agency, and decided by the IBLA on remand. Although Baca was given notice by letter of the proposed exchange well before the two-year period, he claims the notice was misleading because it stated that formal notice would be forthcoming. However, the IBLA held that, regardless of the sufficiency of the letter, Baca received the required notice because, pursuant to 43 C.F.R. 2201.1(c), publication of a notice of realty action prior to the two-year period satisfied the notice requirement. 120 IBLA at 320. Baca does not challenge this ruling on appeal. Where appellate court review involves an agency's interpretation of its own regulations, we give that interpretation controlling weight unless the record shows that it is plainly in error or inconsistent. Northern Plains, 874 F.2d at 665. We conclude that the agency's decision was reasonable and based on consideration of the relevant factors. Therefore, the district court properly affirmed the agency's decision on this issue. Baca's arguments concerning the failure of the agency to compensate him for improvements on the exchanged land and to offer him a first right of refusal will not be considered on appeal, as Baca has failed to identify where in the record these matters were presented below. 10th Cir. R. 28.2(c); Moore, 891 F.2d at 1448.
 
 
 12
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Following the district court's remand of this case to the IBLA, the original administrative record was lost. A reconstructed record was compiled, and filed with the district court after the IBLA's decision on remand. See Appellee's Supp.App. at 148, Verified Notice of Lodging of Administrative Record