54 F.3d 787
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert Nelson ENTRUP, Plaintiff-Appellant,
v.
CITY OF CENTRAL CITY, COLORADO; Central City Municipal
Court; Jack Hidahl, individually and as Administrator and
Manager of Central City; Jerry Devitt, individually and as
the Attorney for Central City; Michael Masko, individually
and as City Planner for Central City; Scott Webb,
individually and as former councilman for Central City; City
Council of Central City, in re: Central City Ordinance No.
252, Defendants-Appellees.
 No. 94-1422.
 United States Court of Appeals, Tenth Circuit.
 May 11, 1995.
 
 Before HENRY, McKAY, and LOGAN, Circuit Judges.
 ORDER AND JUDGMENT*
 HENRY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Robert Entrup appeals the dismissal of his complaint. The district court dismissed three of plaintiff's six claims for lack of subject matter jurisdiction and the remaining three claims for failure to state a claim. In reviewing the dismissal order, we "assume that the facts alleged in the complaint are true." Razatos v. Colorado Supreme Court, 746 F.2d 1429, 1431 (10th Cir. 1984), cert. denied, 471 U.S. 1016 (1985). We review dismissals for lack of subject matter jurisdiction and failure to state a claim de novo. Quintana v. United States, 997 F.2d 711, 712 (10th Cir. 1993); Ayala v. Joy Mfg. Co., 877 F.2d 846, 847 (10th Cir. 1989). We exercise jurisdiction under 28 U.S.C. Sec. 1292 and affirm in part, reverse in part, and remand for further proceedings.
 
 I.
 
 3
 Before summarizing the facts, we address defendants' challenge to the timeliness of plaintiff's notice of appeal. The district court's order was signed and entered on the docket on July 23, 1994. Forty-one days later, plaintiff filed his notice of appeal. We conclude that plaintiff's notice of appeal was timely. The dismissal order, which disposed of all claims, was a final decision for purposes of appeal. See Marshall v. Shalala, 5 F.3d 453, 454 (10th Cir. 1993) ("'It is well settled that an order dismissing the action ... is a final judgment."') (quoting Sherr v. Sierra Trading Corp., 492 F.2d 971, 978 (10th Cir. 1974)) (alteration in original), cert. denied, 114 S. Ct. 1309 (1994). The docket sheet shows that the district court never entered judgment on a separate document as required by Fed. R. Civ. P. 58. The appeal period, thus, had not run when plaintiff filed his notice of appeal. See Shalala v. Schaefer, 113 S. Ct. 2625, 2632 (1993); see also Eckstein v. Balcor Film Investors, 8 F.3d 1121, 1125 (7th Cir. 1993) (stating that although party may sometimes appeal final decision without Rule 58 judgment, "it is always entitled to wait for (and rely on) the separate Rule 58 judgment") (citing Schaefer) (further citation omitted), cert. denied, 114 S. Ct. 883 (1994).
 
 II.
 
 4
 Plaintiff Robert Entrup and his son, Tad Entrup, operated a bed and breakfast in Central City. In May 1992, plaintiff's son was cited for failing to obtain a special use permit for the bed and breakfast, in violation of city ordinance No. 257. He was fined $300.00 and enjoined from operating the bed and breakfast.
 
 
 5
 Plaintiff filed a civil suit against the city in Gilpin County District Court ("state court proceeding"), challenging the constitutionality of his son's conviction and punishment, and of the effect the injunction had on plaintiff's business. R. I, doc. 24, Ex. C. While that action was pending, plaintiff was himself cited for operating the bed and breakfast without a special use permit. He contested the citation and the matter was tried in municipal court ("municipal court proceeding"). The municipal court judge denied plaintiff's requests for an appointed attorney and a jury trial. Plaintiff was found guilty, ordered to pay a $300.00 fine, and enjoined from operating the bed and breakfast without the special use permit. Id. Ex. B. at 11. Plaintiff's appeal was dismissed as untimely. Id. Ex. G. at 2-3.
 
 
 6
 At some point, plaintiff sought to amend the complaint he had filed in state court, to add constitutional claims in connection with his municipal court proceeding. Id. Ex. D. He asked the state court to order, among other things, a jury trial in the municipal court proceeding. Id. at 4. The state court denied plaintiff's motion to amend his complaint and added that the amended complaint "fail[ed] to state grounds for the requested relief and attempt[ed] to interfere with pending Municipal Court proceedings." Id. Ex. E. The state court also dismissed plaintiff's original complaint, ruling (1) his claims were barred because plaintiff failed to provide the city with the notice required by state statute and (2) plaintiff failed to state a 42 U.S.C. Sec. 1983 claim or a claim for mandamus.
 
 
 7
 Plaintiff then brought this suit against the city, the municipal court judge, the members of the city council, and various city employees. His complaint raises six claims: (1) defendants denied him a jury trial in municipal court in violation of the state and federal constitution; (2) defendants charged him with ordinance violations in retaliation for his participation in a recall election; (3) defendants, by use of threats, illegal force, and unfair practices, engaged in racketeering activities aimed at interfering with plaintiff's business, in violation of 18 U.S.C. Sec. 1951 (Hobbs Act) and 18 U.S.C. Sec. 1964 (civil RICO); (4) defendants defamed plaintiff's business; (5) entitlement to costs, punitive damages, and attorney fees; and (6) declaratory judgment regarding the legality of the operation of his bed and breakfast.
 
 
 8
 The district court viewed plaintiff's first, second, and sixth claims as having been decided in the state court proceeding. The court found it was barred by the Rooker-Feldman doctrine from exercising jurisdiction over those claims. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 414-16 (1923). The court dismissed plaintiff's third, fourth, and fifth claims for failure to state a claim.
 
 III.
 
 9
 The Rooker-Feldman doctrine bars "a party losing in state court ... from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 114 S. Ct. 2647, 2654 (1994). Federal review of state judgments can be obtained only in the Supreme Court. Feldman, 460 U.S. at 476 (citing 28 U.S.C. Sec. 1257; Atlantic Coast Line R.R. v. Brotherhood of Locomotive Eng'rs, 398 U.S. 281, 296 (1970)); see also Rooker, 263 U.S. at 415. A lower federal court cannot review matters actually decided by the state court, see Rooker, 263 U.S. at 415, nor can it issue "any declaratory relief that is 'inextricably intertwined' with the state court judgment," Facio v. Jones, 929 F.2d 541, 543 (10th Cir. 1991) (quoting Feldman, 460 U.S. at 483-84 n.16). "Where a constitutional issue could have been reviewed on direct appeal by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional claim under 42 U.S.C. Sec. 1983." Anderson v. Colorado, 793 F.2d 262, 263 (10th Cir. 1986).
 
 
 10
 Plaintiff argues that Rooker-Feldman does not bar his first, second, and sixth claims because those claims were not resolved in the state court proceeding. The state court proceeding, he claims, concerned the city's treatment of his son. We agree that plaintiff's original complaint in state court did not raise the three claims now at issue. The original complaint objected to the city's punishment of plaintiff's son and the collateral consequences of that punishment on plaintiff's business. However, plaintiff's amended complaint in state court raised the first and sixth claims he now asserts in his federal complaint. Although the state court denied plaintiff's motion to file an amended complaint, it also ruled that the amended complaint failed to state a claim for the requested relief.
 
 
 11
 We need not determine the effect of the state court's alternative ruling on plaintiff's amended complaint because even if the state court did not adjudicate the first and sixth claims he now asserts in his federal complaint, those claims were rejected in the municipal court proceeding. Plaintiff's first claim states that he was denied a jury trial in municipal court. The transcript from the municipal court proceeding shows that plaintiff argued that he was entitled to a jury trial because city ordinance No. 257 provided for a ninety-day jail sentence. The district court ruled that plaintiff was not entitled to a jury trial because, pursuant to ordinance No. 252, violation of ordinance No. 257 was a civil offense. Rooker-Feldman bars the federal district court from reviewing the municipal court judge's ruling that plaintiff was not entitled to a jury trial. See Facio, 929 F.2d at 543-44.
 
 
 12
 Plaintiff's sixth claim essentially asks the federal court to set aside the municipal court judgment. He wants the district court to declare that operation of his bed and breakfast without a special use permit is legal pursuant to city ordinance No. 257. Again, Rooker,-Feldman bars such review of the municipal court decision. Id. at 543.
 
 
 13
 As for plaintiff's second claim, retaliation for participation in a recall election, the district court erroneously concluded that Rooker-Feldman bars that claim. That claim was not raised or considered in either the municipal court or state court proceeding. Relief on that claim would not be inextricably intertwined with the state court or municipal court judgment. Accordingly, we remand that claim to the district court for further consideration.
 
 
 14
 We affirm the dismissal of plaintiff's remaining claims for reasons stated by the district court. However, if plaintiff eventually prevails on his retaliation claim, the district court should reconsider his request for costs, fees, and punitive damages.
 
 
 15
 The judgment of the United States District Court for the District of Colorado is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470