81 F.3d 172
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Patrice Marie CRISLIP, also known as Patrice M. Tindle,
Plaintiff-Appellee,
v.
John SHANKS, Warden; Dr. Devendra Singh; Dr. Arnolfo
Valdvia; Dennis Powell; Cynthia Sanchez; Gerald Padilla;
Linda Harrison, in their individual and official capacities,
Western NM Correctional Facility, Defendants-Appellants.
 No. 94-2221.
(D.C.No. CIV-89-461-MV)
 United States Court of Appeals, Tenth Circuit.
 April 4, 1996.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.[2]
 
 
 1
 Defendants-appellants are various employees of the Western New Mexico Correctional Facility. In 1989, plaintiff-appellee Patrice Crislip, then an inmate in that institution, filed a complaint against defendants alleging that they had violated her Eighth Amendment right to be free from cruel and unusual punishment by their deliberate indifference to her serious medical problems.[3]
 
 
 2
 The magistrate judge recommended that plaintiff's request for relief be granted to the extent it related to her hearing loss and suggested that plaintiff be fitted with a hearing aid. The magistrate judge further recommended that the balance of the complaint be dismissed. I R. at 9.
 
 
 3
 On February 10, 1994, the district court issued an order amending the findings of the magistrate judge to clarify that basic hearing aids would be provided by the state, but that cosmetic hearing aids were the responsibility of plaintiff. Because plaintiff had been fitted with a hearing aid by the date of the order, the district court omitted the magistrate judge's findings regarding the hearing issue as moot. The court then adopted the balance of the magistrate judge's recommendations and dismissed the action. I R. at 27-28.
 
 
 4
 On February 28, 1994, defendants filed a motion to amend the judgment or for new trial under Fed.R.Civ.P. 59. Without addressing the timeliness of the Rule 59 motion, the district court filed an amended order on August 29, 1994.[4] No separate Rule 58 judgment was ever entered.[5] Defendants filed a notice of appeal on September 28, 1994.
 
 
 5
 This case presents an interesting question of appellate jurisdiction. Normally, "a party need not file a notice of appeal until a separate judgment has been filed and entered." Bankers Trust Co. v. Mallis, 435 U.S. 381, 385 (1978). However, "orders containing neither a discussion of the court's reasoning nor any dispositive legal analysis can act as final judgments if they are intended as the court's final directive and are properly entered on the docket." Clough v. Rush, 959 F.2d 182, 185 (10th Cir.1992). The court's February 10, 1994 order was clearly intended to be a final judgment, irrespective of the lack of a separate Rule 58 judgment. If we can overlook the absence of a separate Rule 58 judgment, defendants should have filed their notice of appeal within thirty days of the February 10, 1994 order. Their September 28 notice of appeal, therefore, would be untimely and we would have no jurisdiction.
 
 
 6
 This case demonstrates the necessity for the district court to enter separate Rule 58 judgments. Such separate judgments alert the parties to the deadlines for filing post-judgment motions and notices of appeal and aid appellate courts in determining their jurisdiction. While under different circumstances, we might construe the February 10, 1994 judgment as the final judgment and waive the requirement for a separate Rule 58 judgment, see, e.g., Green v. Seymour, 59 F.3d 1073, 1076 (10th Cir.1995); Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1536 (10th Cir.1995); Marshall v. Shalala, 5 F.3d 453, 454 n. 3 (10th Cir.1993), cert. denied, 114 S.Ct. 1309 (1994), were we to follow that course in this case, defendants would be denied their opportunity for review on the merits.
 
 
 7
 The Supreme Court has made it clear that the purpose of the separate document requirement in Rule 58 is "to clarify when the time for appeal under 28 U.S.C. 2107 begins to run." Bankers Trust, 435 U.S. at 384.
 
 
 8
 The separate-document requirement was thus intended to avoid the inequities that were inherent when a party appealed from a document or docket entry that appeared to be a final judgment of the district court only to have the appellate court announce later that an earlier document or entry had been the judgment and dismiss the appeal as untimely.
 
 
 9
 Id. We must interpret Rule 58 in order to preserve the right to appeal, not to jeopardize it. Id. at 386. Accordingly, we conclude that the absence of a Rule 58 separate judgment in this case means that the time for filing a notice of appeal has not yet begun to run. Therefore, defendants' appeal is timely.[6] We thus turn to the merits of this appeal.
 
 
 10
 Upon review of the briefs and record in this case and the orders of the district court, we find no merit in defendants' arguments for reversal. The judgment of the United States District Court for the District of New Mexico is therefore AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [3]
 Because defendants do not include a copy of the complaint in the record on appeal, we glean any information relative to the complaint from the magistrate judge's characterization of it
 
 
 [4]
 Motions under Rule 59 must be served not later than ten days after the entry of the judgment. Fed.R.Civ.P. 59(b) and (e). It is undisputed that the Rule 59 motions in this case were not served within ten days of the February 10 order
 
 
 [5]
 Fed.R.Civ.P. 58 states in pertinent part:
 [e]very judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a).
 
 
 [6]
 We conclude that, even though no separate judgment document was ever filed in this case, remand is inappropriate. See Clough v. Rush, 959 F.2d 182, 186 (10th Cir.1992). "Efficiency and judicial economy would not be served by requiring the [defendants] to return to the district court to obtain a separate judgment." Id