**UNITED STATES COURT OF APPEALS**
**Filed 7/29/96**
**TENTH CIRCUIT**

_____

ARNULFO CHAPA,

    Plaintiff-Appellant,

v.

FEDERAL BUREAU OF INVESTIGATION,
UNITED STATES DEPARTMENT OF
JUSTICE, UNITED STATES OF AMERICA,

    Defendants-Appellees.

No. 96-1071
(D.C. No. 95-M-1533)
(D. Colorado)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. _See_ Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, _res judicata_ and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Arnulfo Chapa, a federal prisoner proceeding *pro se*, appeals the dismissal of his civil action to recover property administratively forfeited to the Federal Bureau of Investigation. We grant the parties' motions to supplement the record on appeal and affirm.

In his complaint, Mr. Chapa alleged he did not receive sufficient notice of the forfeiture proceeding, as required under 19 U.S.C. § 1607 (notice must be published for three consecutive weeks) and the due process clause of the Fifth Amendment. The government moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the ground Mr. Chapa was collaterally estopped from asserting he received inadequate notice in light of a prior judgment entered against him in the United States District Court for the Western District of Texas. The district court agreed and dismissed Mr. Chapa's claim with prejudice. The district court also denied Mr. Chapa's motion to file an amended complaint.

Mr. Chapa now contends the district court erred in concluding his action was barred by collateral estoppel. We disagree. On or about July 18, 1994, Mr. Chapa filed a motion for return of seized property pursuant to Fed. R. Crim. P. 41(e). *United States v. Chapa*, No. A-91-CR-159(2) JN (W.D. Tex.). In his memorandum in support of the motion, Mr. Chapa contended he received

inadequate notice of the forfeiture proceedings. After receiving a response from the government, Judge James R. Nowlin of the United States District Court for the Western District of Texas denied the motion and concluded "the currency was properly forfeited in accordance with the applicable administrative forfeiture proceedings." The claim Mr. Chapa raised in the instant action is identical to the claim he raised in his earlier action in Texas. We therefore agree that Mr. Chapa is barred by collateral estoppel from relitigating that issue.

Mr. Chapa also contends the district court abused its discretion when it denied his motion for leave to file an amended complaint pursuant to Fed. R. Civ. P. 15(a). Again, we disagree. Mr. Chapa sought to include a claim that the administrative forfeiture violated his rights under the double jeopardy clause of the Fifth Amendment. Even if we assume for the sake of discussion the district court abused its discretion, it would be futile to remand the case to allow Mr. Chapa to proceed on the merits of his double jeopardy claim. The United States Supreme Court's recent decision in *United States v. Ursery*, ___ S. Ct. ___, 1996

WL 340815 (June 24, 1996), makes it clear his double jeopardy claim lacks merit.

**AFFIRMED.**

Entered for the Court**:**

**WADE BRORBY**
United States Circuit Judge