**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 27 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

DIVINE CHURCH OF GOD AND
CHRIST and BILLY LLOYD
EDWARDS, Chairman,

      Plaintiffs-Appellants,

v.

TAXATION & REVENUE
DEPARTMENT, STATE OF NEW
MEXICO; CITY OF DEMING, NEW
MEXICO; QUINNON SANDIAGIO; and
CONSWELLO SANDIAGIO,

      Defendants-Appellees.

No. 97-2068

(D.C. No. CIV 96-1761 JC/JHG)
(D.N.M.)

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and LUCERO, Circuit Judges.[**]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiffs Divine Church of God and Christ and its Chairman Billy L. Edwards[1] appeal the district court's dismissal of their federal claims against Defendants Taxation & Revenue Department of the State of New Mexico; City of Deming, New Mexico; Quinnon Sandiagio; and Conswello Sandiagio. We have jurisdiction under 28 U.S.C. § 1291, and affirm in part and reverse in part.

As a threshold matter, Defendant Taxation & Revenue Department argues that Plaintiffs filed their notice of appeal more than 30 days after the entry of the district court's order of dismissal. While our review of the record shows Plaintiffs filed the notice of appeal within 30 days of the day the dismissal order was entered on the docket, we note the district court did not enter a separate final judgment in accordance with Rule 58. Thus, the dismissal order was appealable even if Plaintiffs delayed in filing the notice as the Department asserts. See Shalala v. Schaefer, 113 S. Ct. 2625, 2632 (1993).

---

[1] Although the nature of Plaintiff Divine Church of God and Christ is not clear from the record, it appears Plaintiff Billy L. Edwards is attempting to represent the Church as an unlicensed layperson. Of course, an unlicensed layperson may only represent himself and not another individual or artificial entity before a district court or before us. See generally Turner v. American Bar Ass'n, 407 F. Supp. 451 (1975) (consolidation of cases from across the nation at the order of Chief Justice Warren Burger to address the issues of pro se representation and the right of unlicensed persons to represent others), aff'd, Taylor v. Montgomery, 539 F.2d 715 (7th Cir. 1976) and Pilla v. American Bar Ass'n, 542 F.2d 56 (8th Cir. 1976).

This problem is not uncommon in this circuit.[2]  District courts must enter separate final judgments under Rule 58 to trigger the clock limiting the time for taking an appeal.

Plaintiffs alleged that they lost certain property sometime before March 31, 1993. On December 20, 1995, they filed a suit concerning the property loss in New Mexico state court against the same defendants in this case.  On May 9, 1996, the state court dismissed the suit on the ground that the statute of limitations had expired.  Plaintiffs subsequently filed this suit over the same events as were at issue in the state suit.

The district court granted Defendants' motion to dismiss the suit under Rule 12(b)(6) on the basis of collateral estoppel.  However, the district court considered materials outside Plaintiffs' complaint in ruling on the motion.  Most notably, the district court considered, in applying the doctrine of collateral estoppel, the order issued by the state court.

Where a district court considers matters outside the complaint in deciding a motion to dismiss, the court must convert the motion to one for summary judgment and notify the parties of the conversion and provide them with the opportunity to present all materials pertinent to such a motion under Rule 56.  See Miller v. Glanz, 948 F.2d 1562, 1565 (10th

---

[2]      See, e.g., Ladd v. McKune, No. 95-3264, 1997 WL 153775, *1 n.1 (10th Cir. Apr. 3, 1997) (unpublished); Crislip v. Shanks, No. 94-2221, 1996 WL 156757, *1 (10th Cir. Apr. 4, 2996) (unpublished); Dilley v. Skinner, Nos. 93-4035 & 93-4107, 1995 WL 94703, *3-4 n.5 (10th Cir. Mar. 6, 1995) (unpublished); Baca v. Menyhert, No. 92-2206, 1994 WL 75877, *1 (10th Cir. Mar. 11, 1994) (unpublished); Hintze v. Weaver, No. 92-4228, 1994 WL 50430, *1 (10th Cir. Feb. 22, 1994) (unpublished).

Cir. 1991). Failure to convert the motion and comply with Rule 56 is reversible error. Id. In this particular case, however, the error was harmless.

We review a district court's grant of summary judgment, or of a motion to dismiss for failure to state a claim, de novo. See Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 851, 854 (10th Cir. 1996). We have reviewed the parties' briefs, the district court's order, and the record. The district court properly ruled that the elements of collateral estoppel were met in this case.

Federal courts generally accord the same preclusive effect to issues decided by state courts as would be accorded by another state court. See Dixon v. Richer, 922 F.2d 1456, 1459 (10th Cir. 1991). The state court dismissed the earlier suit because the applicable limitations period had expired. See DeVargas v. Malley, 796 F.2d 1245, 1249-50 (10th Cir. 1986) (holding that a dismissal on limitations grounds constitutes a decision on the merits under New Mexico law), overruled in other respects, Newcomb v. Ingle, 827 F.2d 675 (10th Cir. 1987). In this case, a New Mexico court would apply collateral estoppel to preclude the issues raised in Plaintiffs' complaint because Defendants have shown (1) that Plaintiffs were parties to the earlier state suit, (2) the claims in this suit are different from the claims in the state suit, (3) the limitations issue was actually litigated in the state suit, and (4) the resolution of the limitations issue was necessary to the state court's disposition of the earlier suit. See Shovelin v. Central New Mexico Elec. Coop., Inc., 850 P.2d 996, 1000 (N.M. 1993).

The district court's consideration of the state court order of dismissal was harmless. First, Plaintiffs submitted matters outside the complaint in responding to the motion to dismiss. Second, Plaintiffs do not contest the key elements of the state court's ruling on the limitations issue: (1) the dates the events giving rise to their claims in both suits occurred and (2) the applicable limitations period. Third, Plaintiffs do not dispute the elements of the application of collateral estoppel. Although the issues were squarely presented in the motion to dismiss, Plaintiffs argued the underlying merits of their claims. Thus, the claims against Defendants City of Deming, Quinnon Sandiagio, and Conswello Sandiagio were properly dismissed. Moreover, although the district court did not specify whether the claims were dismissed with prejudice, the dismissal operates as one on the merits. See Fed. R. Civ. P. 41(b); Chapa v. Federal Bureau of Investigation, No. 96-1071, 1996 WL 421975, *1 (10th Cir. July 29, 1996) (unpublished) (affirming dismissal with prejudice on basis of collateral estoppel).

In its order dismissing the suit, the district court wrote that its order "fully adjudicat[ed] all claims against all defendants." From its nature, powers, and characteristics, see Meade v. Grubbs, 841 F.2d 1512, 1525 (10th Cir. 1988), however, Defendant Taxation & Revenue Department of the State of New Mexico is an arm of the state and shares its Eleventh Amendment immunity. The Department is part of the state government's executive branch, see N.M. Stat. Ann. § 9-11-4 (Michie 1978), and administers the state's taxation and revenue laws, see id. § 9-11-3; e.g., Alarid v.

5

Secretary of the New Mexico Department of Taxation and Revenue, 878 P.2d 341 (N.M. Ct. App.), cert. denied, 879 P.2d 91 (N.M. 1994), cert denied, 513 U.S. 1081 (1995). With the consent of the senate, the governor appoints the secretary who heads the Department. See id. § 9-11-5. Further, we have accorded Eleventh Amendment immunity to the Department in a suit where both it and the State of New Mexico were named defendants. See Jolly v. New Mexico, No. 94-2080, 1994 WL 268667 (10th Cir. June 20, 1994) (unpublished).

The U.S. Supreme Court recently made it clear that the Eleventh Amendment restricts federal courts from entertaining certain claims against states and state officials. See Seminole Tribe of Florida v. Florida, 116 S. Ct. 1114, 1131-33 (1996). As no unequivocal waiver of the state's sovereign immunity appears on the record, the district court erred in ruling on the merits of Plaintiffs' claims against the Taxation & Revenue Department. We vacate that portion of the district court's order and remand with instructions to dismiss without prejudice the claims against the Department for lack of subject matter jurisdiction.

In sum, we affirm the district court's dismissal with prejudice of the claims against Defendants City of Deming, Quinnon Sandiagio, and Conswello Sandiagio. We vacate the portion of the district court's order dismissing the claims against Defendant Taxation & Revenue Department and remand with instructions to dismiss those claims without prejudice for lack of subject matter jurisdiction.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.


Entered for the Court,


Bobby R. Baldock
Circuit Judge