955 F.2d 49
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re MARRIAGE OF Ruth M. HOPKINS and Thomas C. Hopkins.
Thomas C. HOPKINS, Petitioner-Appellant,
v.
Edward G. SCHAUMBERG, III, Respondent-Appellee.
 No. 91-1351.
 United States Court of Appeals, Tenth Circuit.
 Feb. 7, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Thomas C. Hopkins, pro se appellant, appeals the United States District Court's dismissal of his appeal from the Colorado Supreme Court for lack of subject matter jurisdiction.
 
 
 3
 Mr. Hopkins filed a Petition for Writ of Certiorari in the Colorado Supreme Court which was denied for failure to pay a docket fee or provide an affidavit concerning his financial affairs as required to proceed in forma pauperis. Next, Mr. Hopkins filed a notice of appeal with the United States District Court for the District of Colorado which was dismissed for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(h)(3). From that dismissal, Mr. Hopkins appeals to this court.
 
 
 4
 Chief Judge Finesilver of the United States District Court for the District of Colorado recognized the court's obligation to view pro se pleadings by standards less stringent than those governing formal pleadings drafted by attorneys. Cognizant of this liberal standard, the district court stated in its Order of Dismissal that Mr. Hopkins's complaint was "styled as a notice of appeal" and that "the United States Supreme Court prohibits federal district courts from reviewing state court judgments." For this reason, the district court dismissed Mr. Hopkins's complaint under Fed.R.Civ.P. 12(h)(3) for lack of subject matter jurisdiction.
 
 
 5
 Having reviewed de novo the district court's order of dismissal, we agree with the decision and, therefore, will not discuss the merits of the case.
 
 
 6
 As Chief Judge Finesilver aptly stated in his Order of Dismissal:
 
 
 7
 "[United States district courts] do not have jurisdiction ... over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."
 
 
 8
 (Quoting District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983)). Any appeal from a state's highest court must be addressed to the United States Supreme Court. See Facio v. Jones, 929 F.2d 541, 543 (10th Cir.1991); 28 U.S.C. § 1257.
 
 
 9
 Therefore, the dismissal of the United States District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3