78 F.3d 598
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert Ernest SCHWARTZ, Plaintiff-Appellant,
v.
Dana WAKEFIELD, Denver County Juvenile Court Judge, and
individually; Steve C. Briggs, Colorardo Court of
Appeals Judge, and individually,
Defendants-Appellees.
 No. 95-1008.
 United States Court of Appeals, Tenth Circuit.
 March 1, 1996.
 
 Before SEYMOUR, Chief Judge, McKAY and LUCERO, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. Fed. R.App. P. 34(a); 10th Cir. R. 341.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Robert Ernest Schwartz brought the present action under 42 U.S.C. § 1983 alleging that he was deprived of his constitutional rights by several rulings of the Denver Juvenile Court and the Colorado Court of Appeals. The district court accepted the magistrate's recommendation and dismissed Mr. Schwartz' complaint. We affirm, albeit on different grounds than the district court..
 
 
 4
 Mr. Schwartz set out two claims against Defendant Judge Wakefield. The first relates to Mr. Schwartz' financial liability for the fees of the therapist treating his daughter, who was the victim of his sexual assaults and incest. Mr. Schwartz contends that in the course of a January 1989 hearing, the judge raised the issue of his liability without notice, denied his evidentiary objections and request for counsel, and permitted the grandmother of some of the children to be present. Judge Wakefield found Mr. Schwartz liable for $3,400. Second, Mr. Schwartz challenges the judge's issuance of a protective order barring him from contact with any of his children, including those he had not molested, until he demonstrated success in his sex offender treatment. Mr. Schwartz also claims that Judge Briggs' refusal to grant his petition for rehearing violated his rights, including his right to due process.
 
 
 5
 We construe a pro se litigant's[1] pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). If we can reasonably read the pleadings to state a valid claim, we will do so despite the absence of citation of legal authority or other technical failings, but we will not "assume the role of advocate." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991).
 
 
 6
 Even assuming that Mr. Schwartz' allegations constitute violations of his constitutional rights, the district court was without jurisdiction to entertain his claims. In District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), the Supreme Court reiterated that lower federal courts lack subject matter jurisdiction to engage in direct review of state court judgments:
 
 
 7
 United States district courts ... do not have jurisidiction, however, over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in this Court.
 
 
 8
 Id. at 486. We have often recognized this principle. See e.g. Van Sickle v. Holloway, 791 F.2d 1431, 1436 (10th Cir.1986)("A federal district court does not have the authority to review final judgments of a state court in judicial proceedings; such review may only be had only in the United States Supreme Court."). This doctrine bars not only direct review of state court judgments, but also collateral attacks thereon. Facio v. Jones, 929 F.2d 541, 543 (10th Cir.1991) ("Feldman not only prohibited direct review of state court judgments by lower federal courts, but it also prohibited those federal courts from issuing any declaratory relief that is 'inextricably intertwined' with the state court judgment.").
 
 
 9
 Indeed, we have specifically foreclosed the sort of claim Mr. Schwartz seeks to bring. In Anderson v. State of Colorado, 793 F.2d 262 (10th Cir.1986), we held that "[w]here a constitutional issue could have been reviewed on direct appeal by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional claim under 42 U.S.C. § 1983." Id. at 263. Like Mr. Schwartz, Anderson brought a section 1983 claim to challenge alleged violations of his constitutional rights in the course of judicial proceedings in Colorado state court. Id. Because his "lawsuit essentially [sought] to undo the custody decision of the Colorado state court ... it [fit] squarely within the parameters of the Doe-Feldman doctrine prohibiting federal district courts from reviewing state-court judgments." Id. at 264. There, as here, the plaintiff's proper course was "to exhaust his appeals in the Colorado courts and to petition the Supreme Court of the United States for certiorari review of the decision of the state supreme court."[2] Id.
 
 
 10
 Mr. Schwartz suggests that we must have jurisdiction under Pulliam v. Allen, 466 U.S. 522 (1984). There, the Supreme Court held that section 1983 permits a grant of prospective injunctive relief against state judges. Pulliam involved a challenge to a state court practice which was insulated from any sort of direct review, however, not the direct review of a state court judgment. Mr. Schwartz' claims are not akin to those at issue in Pulliam; rather, they are plainly governed by Feldman. He asks us to overrule the final judgments rendered by Colorado courts, which we will not do.
 
 
 11
 Mr. Schwartz has also moved for leave to proceed on appeal without prepayment of costs or fees. In order to succeed on this motion, an appellant must show both: 1) a financial inability to pay the required filing fees, and 2) the existence of a nonfrivolous argument on the law and facts in support of the issues raised on appeal. See 28 U.S.C. § 1915(a); Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (10th Cir.1962).
 
 
 12
 We grant Mr. Schwartz' motion to proceed informa pauperis on appeal, and we affirm the judgment of the district court.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [1]
 Although Mr. Schwartz was licensed to practice law in Colorado, upon his conviction for three counts of sexual assault on a child and three counts of aggravated incest he was disbarred by the Colorado Supreme Court. People of the State of Colorado v. Schwartz, 890 P.2d 82 (Colo.1995)
 
 
 [2]
 Mr. Schwartz appears to believe that he cannot pursue an appeal of the decision of the Colorado Court of Appeals to the Colorado Supreme Court until the present case is settled. This belief has no basis in fact or law