**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 30 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

In re: ORLANDO A. RODRIQUEZ,

    Debtor,

_____

ORLANDO A. RODRIQUEZ,

    Plaintiff-Appellant,

v.

F. CHESTER MILLER, III,

    Defendant-Appellee,

_____

ISABEL S. RODRIGUEZ,

    Movant-Appellee.

No. 97-2113
(District of New Mexico)
(D.C. No. CIV-95-1353-LH)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of the appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Orlando Rodriguez appeals an Order of the district court denying Rodriguez emergency injunctive relief and dismissing his appeal with prejudice. At its base, this case represents a repeat effort on the part of Rodriguez to use the bankruptcy process to collaterally attack a New Mexico district court order which established an equitable division of Rodriguez's marital property upon his divorce. Rodriguez contends that the state district court order setting the division of marital property is invalid because "the Honorable Judge Benjamin S. Eastburn, Eleventh Judicial District, State of New Mexico was not lawfully in office during times pertinent."

Acting on the recommendations of a magistrate judge,[1] the district court dismissed Rodriguez's appeal with prejudice on the grounds that it was frivolous. This district court noted that Rodriguez's appeal was an effort to collaterally attack in federal court the judgement of a state district court, and that it was without jurisdiction to entertain such a claim. *See, e.g.*, *District of Columbia*

---

[1]The district court referred this matter to a magistrate judge for proposed findings and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(b).

*Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 (10th Cir. 1986) ("A federal district court does not have the authority to review final judgments of a state court in judicial proceedings.").[2] More important, however, the district court recognized that Rodriguez's appeal was a blatant attempt to relitigate issues raised and disposed of contrary to Rodriguez in a prior bankruptcy appeal.

This court has reviewed *de novo* the parties briefs and contentions, as well as the entire record on appeal. In light of this review, we affirm for substantially the reasons set out in the magistrate judge's Report and Recommendation dated March 12, 1997, and the district court Order dated March 31, 1997.

The judgment of the United States District Court for the district of New Mexico is hereby **AFFIRMED**.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge

---

[2]The *Feldman* doctrine bars not only direct review of state court judgments, but also collateral attacks thereon. *Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991) ("*Feldman* not only prohibited direct review of state court judgments by lower federal courts, but it also prohibited those federal courts from issuing any declaratory relief that is 'inextricably intertwined' with the state court judgment.").