**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 30 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DAVID L. BURR,

      Plaintiff-Appellant,

v.

BILL D. ROBINSON, District Court
Judge, Wyandote County, State of
Kansas; CAROL BACON, District
Court Judge, assigned to the Kansas
Court of Appeals; P.J. PEIRRON,
Judge of the Kansas Court of Appeals;
R.J. LEWIS, Judge of the Kansas
Court of Appeals; RICHARD
HOLMES, Chief Justice of the Kansas
Supreme Court; KAY MCFARLAND,
Justice of the Kansas Supreme Court;
TYLER LOCKETT, Justice of the
Kansas Supreme Court; DONALD
ALLEGRUCCI, Justice of the Kansas
Supreme Court; FRED SIX, Justice of
the Kansas Supreme Court; BOB
ABBOTT, Justice of the Kansas
Supreme Court; ROBERT DAVIS,
Justice of the Kansas Supreme Court,

      Defendants-Appellees.

No. 98-3028
(D.C. No. 97-2293-GTV)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order

(continued...)

Before **BALDOCK, EBEL,** and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff David L. Burr appeals the district court's order dismissing his 42 U.S.C. § 1983 complaint for lack of subject matter jurisdiction.  Following consideration of the parties' briefs and review of the record, we affirm.

On February 7, 1994, Mr. Burr filed a medical malpractice lawsuit in Kansas state court.  His case was dismissed as filed outside the applicable statute of limitations.  The Kansas Court of Appeals affirmed the dismissal decision, the Kansas Supreme Court denied review, and the United States Supreme Court denied certiorari.  Mr. Burr then filed this action in federal court under § 1983, alleging that all of the state court judges involved in his case violated his constitutional rights of due process and access to the courts.  Defendants moved for dismissal based on lack of jurisdiction, or in the alternative, failure to state a

---

*(...continued)
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

-2-

cognizable claim. The district court granted defendants' motion based on lack of subject matter jurisdiction and dismissed Mr. Burr's complaint.

We review de novo the district court's determination that it lacked subject matter jurisdiction. See Painter v. Shalala, 97 F.3d 1351, 1355 (10th Cir. 1996). It is well established that federal district courts generally do not have jurisdiction to review, reverse, or invalidate a final state-court decision. See District of Columbia Ct. of App. v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). The Rooker-Feldman doctrine bars "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994). Under this rule, jurisdiction to review state-court decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court. See Facio v. Jones, 929 F.2d 541, 543 (10th Cir. 1991). The Rooker-Feldman doctrine bars consideration not only of issues actually presented to and decided by a state court, but also bars consideration of constitutional claims that are "'inextricably intertwined' with" issues ruled upon by a state court. See id. (quoting Feldman, 460 U.S. at 483-84 n.16).

Here, Mr. Burr filed a medical malpractice lawsuit which the state court dismissed as filed outside the applicable statute of limitations. Mr. Burr exhausted his appellate processes in the Kansas courts and in the United States Supreme Court, which is vested with exclusive jurisdiction to review a decision of the highest state court. See Facio, 929 F.2d at 543. It now appears that Mr. Burr seeks to have this court reverse the state court's judgment and declare the Supreme Court law applicable in this case unconstitutional. This we decline to do. In Facio, we held that "Feldman not only prohibited direct review of state judgments by lower federal courts, but it also prohibited those federal courts from issuing any declaratory relief that is 'inextricably intertwined' with the state court judgment." Id. Here, as in Facio, unless Mr. Burr's state court dismissal is reversed, his interest in the constitutionality of the state's limitations statutes is "prospective and hypothetical in nature," and he lacks standing to assert his constitutional claims Id. Therefore, Mr. Burr's request for declaratory relief is inextricably intertwined with his state court judgment, and, absent a showing of the probability of future injury, he cannot maintain his § 1983 action for declaratory relief. See id. at 544. The dismissal order against Mr. Burr is final, and any ruling that Kansas limitations statutes are unconstitutional would not reverse that judgment. See id. at 545.

Mr. Burr has availed himself of every opportunity to argue his case to the state appellate courts and to the United States Supreme Court. Thus, he has had all the process due him in this matter. See id. (proper avenue for review of state court judgments is state court and certiorari review by the United States Supreme Court); Anderson v. Colorado, 793 F.2d 262, 263 (10th Cir. 1986) (where the state appellate process is available, "a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional claim under 42 U.S.C. § 1983."). Therefore, we conclude that the district court was correct in finding that, under the Rooker-Feldman doctrine, it lacked subject matter jurisdiction to consider Mr. Burr's § 1983 claims. The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge