**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 16 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MICHAEL ANTHONY VARALLO,

Plaintiff-Appellant,

v.

THE SUPREME COURT OF
COLORADO; GRIEVANCE
COMMITTEE OF THE SUPREME
COURT OF COLORADO; SUPREME
COURT OF COLORADO,
DISCIPLINARY COUNSEL; JAMES
SUDLER; JAMES COYLE; LINDA
DONNELLY, in their official
capacities,

Defendants-Appellees.

No. 98-1243
(D.C. No. 96-M-2638)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **EBEL** , and **LUCERO** , Circuit Judges.

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Michael Anthony Varallo appeals the district court's denial of his 42 U.S.C. § 1983 action which sought injunctive and declaratory relief, claiming that the Colorado Supreme Court violated his constitutional rights in the process of disbarring him as an attorney. [1] Following consideration of the parties' arguments and review of the record on appeal, we affirm.

Mr. Varallo was disbarred by the Colorado Supreme Court in 1996 for knowingly using client funds for his personal benefit, appropriating a client's refundable retainer without authorization, and commingling client and personal funds. See People v. Varallo, 913 P.2d 1 (Colo. 1996). During the proceedings, Mr. Varallo challenged the constitutionality of the state's lawyer disciplinary process. The Colorado Supreme Court held that its disciplinary process was constitutional, see id. at 5-7, and that Mr. Varallo's conduct warranted disbarment, see id. at 10-12. Mr. Varallo then filed a petition for certiorari before the United States Supreme Court, which was denied. See Varallo v. Colorado, 117 S. Ct. 80 (1996).

Plaintiff then filed this § 1983 action in federal district court seeking to enjoin enforcement of the Colorado Supreme Court's order of disbarment against

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

him and a declaration that Colorado's lawyer disciplinary process was unconstitutional. [2] Defendants moved for dismissal based on the sovereign immunity provisions of the Eleventh Amendment and, alternatively, lack of jurisdiction under the Rooker-Feldman doctrine, which generally prohibits lower federal courts from reviewing, reversing, or invalidating a final state-court decision. See District of Columbia Court of Appeal v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). The district court dismissed the action on the basis that consideration of the § 1983 action was barred by the Rooker-Feldman doctrine.

We review dismissals for lack of subject matter jurisdiction de novo. See Painter v. Shalala, 97 F.3d 1351, 1355 (10th Cir. 1996). We conclude the district court correctly ruled that it lacked subject mater jurisdiction under the Rooker-Feldman doctrine.

The Rooker-Feldman doctrine bars "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a

---

[2]    Mr. Varallo filed an earlier § 1983 action in federal district court while the proceedings before the Colorado Supreme Court were pending. We affirmed the district court's dismissal of that action for lack of jurisdiction under the Younger doctrine, which provides that federal courts should abstain from intervening in pending state judicial proceedings that implicate important state interests. See Varallo v. Colorado Supreme Court, No. 94-1356, 1995 WL 105472, at **1 (10th Cir. 1995) (citing Younger v. Harris, 401 U.S. 37 (1971) and Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 431-32 (1982)).

United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994). As a rule, jurisdiction to review state-court decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court. See Facio v. Jones, 929 F.2d 541, 543 (10th Cir. 1991). The Rooker-Feldman doctrine bars consideration not only of issues actually presented to and decided by a state court, but also bars consideration of constitutional claims that are "'inextricably intertwined' with" issues ruled upon by a state court. See id. (quoting Feldman, 460 U.S. at 483-84 n.16). "A claim is inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." Charchenko v. City of Stillwater, 47 F.3d 981, 983 (8th Cir. 1995). "In other words, Rooker-Feldman precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its ruling." Id. It is well established that "[t]he Rooker-Feldman doctrine eliminates most avenues of attack on attorney discipline." Johnson v. Supreme Court of Ill., No. 98-2587, 1999 WL 23193, at *2 (7th Cir. 1999) (citing cases).

Mr. Varallo argues Rooker-Feldman does not apply because he challenges the constitutionality of the disciplinary process that led to his disbarment, rather than the disbarment itself. See Feldman, 460 U.S. at 486 (holding that district

-4-

court may entertain general challenges to state bar rules). However, it is clear from Mr. Varallo's complaint that it is his disbarment that is the source of the injuries for which he now seeks relief. The district court could not review his § 1983 claims and grant relief without effectively reviewing and reversing the decision of the Colorado Supreme Court. Indeed, the injunctive relief sought in Mr. Varallo's complaint is an order immediately enjoining the Colorado Supreme Court's order of disbarment against him. Although Mr. Varallo's complaint also seeks declaratory relief, as in Facio, unless Mr. Varallo's state court disbarment is reversed, his interest in the constitutionality of the state's lawyer disciplinary process is "prospective and hypothetical in nature," and he lacks standing to assert his constitutional claims. [3] Facio, 929 F.2d at 543; see also Levin v. Attorney Registration & Disciplinary Comm'n of the Supreme Court of Ill., 74 F.3d 763, 767 (7th Cir. 1996) (explaining that if plaintiff's disbarment stands, he would lack the personal stake needed for an independent constitutional attack of

---

[3] Mr. Varallo has informed this Court that the Colorado Supreme Court has ordered that his disbarment will end on December 31, 1998, and that he may seek readmission to the bar on or after January 1, 1999. As a result of this ruling, Mr. Varallo states that he will now longer be seeking a personal injunction in his § 1983 action. This does not change our analysis. There is nothing in the record to indicate that Mr. Varallo is now licensed to practice law in Colorado; thus, he lacks standing to seek any declaratory relief. The 1996 order disbarring Mr. Varallo from the practice of law in Colorado is final, and any ruling that the state's disciplinary process is unconstitutional would not reverse that judgment. See Facio, 929 F.2d at 545.

the state's disciplinary rules regarding disbarment). Accordingly, we agree with the district court that Mr. Varallo's claims that defendants violated his constitutional rights are inextricably intertwined with his state court judgment, and he cannot, therefore, maintain his § 1983 action.

Mr. Varallo exhausted his appellate process in the Colorado courts and in the United States Supreme Court, which is vested with exclusive jurisdiction to review a decision of the highest state court. See Facio, 929 F.2d at 543. Mr. Varallo asserts we should adopt a unique "Varallo exception" to the Rooker-Feldman doctrine case because the Supreme Court no longer permits an appeal as of right from a state disbarment order. This argument is without merit. Mr. Varallo also argues that the defendants should be judicially estopped from raising the Rooker-Feldman doctrine because they moved to dismiss his first § 1983 action, filed while his state disciplinary proceedings were pending, under the Younger abstention doctrine. This argument is also without merit. The defendants' arguments seeking dismissal of the different § 1983 actions are not inconsistent and, in any event, the Tenth Circuit has rejected the use of the judicial estoppel doctrine. See Rascon v. US West Communications, Inc., Inc., 143 F.3d 1324, 1330-32 (10th Cir. 1998). Finally, because of our conclusion that the district court lacked subject matter jurisdiction, we need not reach Mr. Varallo's arguments that an exception to the Eleventh Amendment's sovereign

immunity provisions applies to his complaint or that the Supreme Court's decision in <u>Hans v. Louisiana</u>, 134 U.S. 1 (1890), should be overturned.

The judgment of the United States District Court for the District of Colorado dismissing Mr. Varallo's § 1983 complaint is AFFIRMED.

Entered for the Court


David M. Ebel
Circuit Judge