**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 12 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

D. MICHAEL GAMBLE,

    Plaintiff-Appellant,

v.

DIANE M. CARLTON; DOUGLAS
S. JOFFE; ALISON K. STEWART;
RICK JOHNSON; RICK JOHNSON
AND ASSOCIATES; GEORGE
EAKIN; MICHAEL F. VAN
HOOMISEN; MULTNOMAH
COUNTY DISTRICT ATTORNEY'S
OFFICE; RUSS RATTO, in his
professional capacity as Assistant
District Attorney in Multnomah
County; CITY OF PORTLAND,
OREGON; PORTLAND, OREGON,
POLICE BUREAU; DAN NOELLE,
Portland, Oregon, Police Bureau Det.
Div. Commander, Captain; LARRY
NEVILLE, Portland, Oregon, Police
Bureau Det. Supervisor, Sgt.; JOE L.
GOODALE, Portland, Oregon, Police
Det. in his professional and
individual capacity; CITY OF
LITTLETON; LITTLETON POLICE
DEPARTMENT, COLORADO;
RON L. HINES, in his former
professional capacity a Police
Lieutenant in Littleton, Colorado;
ARLAN G. KLUTH, Littleton,
Colorado, Police Det., in his
professional and personal capacity;
DOUGLAS B. ADAMS, Littleton,
Colorado Police Evidence Custodian;

No. 99-1209
(D.C. No. 95-M-121)
(D. Colo.)

BRUCE C. BOLTON, Littleton Colorado Police Det.; COUNTY OF ARAPAHOE, COLORADO; ROBERT R. GALLAGHER, JR., District Attorney, Eighteenth Judicial District of Colorado, in his professional capacity; JOHN JORDAN, Eighteenth Judicial District, Deputy Chief D.A., in his professional and individual capacity; CAROL CHAMBERS, Eighteenth Judicial District, Asst. D.A., in her professional and individual capacity; RALPH D. SWITZER, employee and Officer of Avert, Inc.; RALPH V. SWITZER, employee and officer of Avert, Inc.; CHARLES S. HATCHETTE, employee and officer of Avert, Inc.; D. MICHAEL VAUGHAN, employee and officer of Avert, Inc.; JAMIE M. BURGAT, employee and officer of Avert, Inc.; DISTRICT ATTORNEY'S OFFICE OF EIGHTEENTH JUDICIAL DISTRICT, COLORADO; STATE OF COLORADO; DENVER JUVENILE COURT, DENVER, COLORADO; ORRELLE WEEKS, Juvenile Judge, EIGHTEENTH JUDICIAL DISTRICT, STATE OF COLORADO, STATE OF OREGON,

        Defendants-Appellees,

   and

LAND TITLE COMPANY OF DENVER, COLORADO; TIMOTHY J. TURLEY, in his individual capacity; DANA U.

WAKEFIELD; U.S. WEST, INC., and as yet unnamed individuals within U.S. West, Inc., individually, and in their capacity as employees of U.S. West, Inc.; AVERT INC.; MICHAEL D. DEWITT, employee and officer of Avert, Inc.; DEAN SUPOSS, employee and officer of Avert, Inc.; COUNTY OF MULTNOMAH, STATE OF OREGON, MULTNOMAH COUNTY SHERIFF'S OFFICE, a female Release Assistance officer in Multnomah County whose full name is not yet known (Ms. D. Mc_) personally, and in her professional capacity, MULTNOMAH COUNTY CIRCUIT COURT,

Defendants.

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , **ANDERSON** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument

Plaintiff-appellant D. Michael Gamble appeals the district court's dismissal of his complaint against forty-two defendants in the states of Colorado and Oregon. In his complaint, Gamble alleged violations of his constitutional rights to privacy, liberty, property, due process, counsel, equal protection, and testimonial privilege. He also alleged that he was the victim of excessive bail, cruel and unusual punishment, and unreasonable searches and seizures. The district court dismissed a number of the defendants for plaintiff's failure to name them in his amended complaint and for lack of service. The court granted the remaining defendants' dismissal motions grounded in several sections of Fed. R. Civ. P. 12, including lack of personal jurisdiction, lack of subject matter jurisdiction, and failure to state a claim upon which relief could be granted. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm for substantially the reasons stated in the district court's March 23, 1999 Memorandum and Order of Dismissal.

Dismissals under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief may be granted are reviewed de novo. *See Sutton v. Utah State Sch. for the Deaf & Blind* , 173 F.3d 1226, 1236 (10th Cir. 1999); *Ordinance 59 Ass'n v.*

*United States Dep't of Interior Secretary*, 163 F.3d 1150, 1152 (10th Cir. 1998). We also review de novo the district court's legal rulings on personal jurisdiction and the sufficiency of service. *See FDIC v. Oaklawn Apartments*, 959 F.2d 170, 173 (10th Cir. 1992).

This case has a convoluted and voluminous factual and procedural history. We will repeat here only those facts necessary to an understanding of the background of the case. This matter originally arose from a paternity suit filed by Gamble against defendant Stewart in the City and County of Denver, Colorado. Gamble, the father of Stewart's child, alleged that Stewart had threatened to kill herself and the child or to run away and hide with the child. Because of these threats, in late 1992, Gamble sold an apartment building he owned in Denver, took the proceeds of the sale and the child, and fled to Portland, Oregon. Stewart hired a private investigator, defendant Rick Johnson, to locate Gamble and to gather information regarding his assets. After Stewart obtained a custody order from Denver Juvenile Court, the Littleton, Colorado police department issued a warrant for Gamble's arrest. The Portland, Oregon police ultimately arrested Gamble, took the child, and seized $52,570 in funds Gamble was carrying.

Following Gamble's arrest, Stewart flew to Portland to pick up the child. Gamble's mother secured his release in Oregon and Gamble returned to Colorado, where the Denver Juvenile Court issued a contempt citation against Gamble for

violation of the Colorado custody order. The Portland police turned over the funds taken from Gamble to the Littleton, Colorado, police, where they were held by the Arapahoe County District Attorney's office to be used in satisfaction of civil claims filed by Stewart. Following an attachment hearing, Denver Juvenile Court issued a prejudgment attachment against Gamble's assets pursuant to Colo. R. Civ. P. 102, based on that court's contempt citation against Gamble. Gamble moved in Arapahoe County for return of the property. This motion was denied.

Defendant Joffe, appointed guardian ad litem for the child, recommended that Gamble not be allowed visitation with the child until he admitted violation of the custody order. Gamble alleged that Joffe withheld visitation with the child for over two years, while demanding a confession and a $20,000 fee. Gamble's funds were held by Denver Juvenile Court until 1995, when they were disbursed to defendants Stewart, Carlton, and Joffe. At that time, permanent custody and support orders were entered regarding the child.

Gamble brought this action under 42 U.S.C. § 1983 and 42 U.S.C. § 1985. The district court declined to address his § 1985 claim, finding it "not sufficiently articulated to be identifiable." Dist. Ct. Order at 8. Moreover, the court found Gamble's attempt to assert supplemental jurisdiction over his state law claims to be equally as vague and conclusory. Relying on *District of Columbia Court of*

*Appeals v. Feldman*, 460 U.S. 462, 476 (1983) and this court's decision in *Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991), the district court determined it had no jurisdiction to consider Gamble's request for damages and declaratory relief for civil rights violations relating to the state court proceedings.

The court dismissed Gamble's claims against defendants Carlton, Joffe, and Stewart because they were not acting under color of state law. *See Meeker v. Kercher*, 782 F.2d 153, 155 (10th Cir. 1986) (per curiam) (holding guardian ad litems not state actors under § 1983); *Polk County v. Dodson*, 454 U.S. 312, 318 (1981) (holding private attorneys are not state actors under § 1983); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970) (holding that § 1983 does not reach purely private conduct). The court rejected Gamble's claims that these defendants were in a conspiracy with state actors as insufficient. *See Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) (holding that to the extent a conspiracy may form the basis for a § 1983 claim, "a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants;" conclusory allegations of conspiracy are not enough). The court also dismissed Gamble's claims against defendants Rick Johnson and Rick Johnson & Associates as lacking state action and without merit.

The remaining defendants, including the state and municipal officials, were granted dismissal based on lack of personal jurisdiction, lack of subject matter

jurisdiction, lack of state action, insufficient claim of municipal liability, qualified immunity, Eleventh Amendment immunity, absolute immunity, quasi-judicial immunity, and claims outside the applicable statute of limitations.

Recognizing our obligation to construe Gamble's pro se pleadings liberally, *see Perkins v. Kansas Dep't of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999), we conclude that Gamble has not persuasively asserted any reversible error in the district court's findings and conclusions. We have carefully reviewed the pleadings and briefs, the record on appeal, and the district court's decision, and we agree with the district court's resolution of plaintiff's arguments and agree that plaintiff has failed to state any legally cognizable claims against defendants. On March 23, 1999, the district court issued a thorough, well-reasoned order granting defendants' various motions to dismiss. We affirm that order for substantially the same reasons stated therein.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge