**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 10 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALI SHERKAT,

      Plaintiff-Appellant,

v.

JOHNSON COUNTY DISTRICT
COURT,

      Defendant-Appellee.

No. 02-3406
(D. Kan.)
(D.Ct. No. 02-CV-2487-KHV)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Ali Sherkat, acting pro se[1], appeals the district court's sua sponte dismissal of his complaint for lack of subject matter jurisdiction. We affirm.

Mr. Sherkat, acting pro se, brought an action against the Johnson County, Kansas, District Court alleging a violation of his equal protection and due process rights under the Fourteenth Amendment. He claimed the Johnson County District Court found him guilty of abuse without proof, took away his parenting rights, and jeopardized his right to appeal by failing to record the hearing. Mr. Sherkat requested the United States district court dismiss and/or reverse the orders of the Johnson County District Court and sought an award of damages, including five million dollars in punitive damages. Acting sua sponte, the district court dismissed the complaint for lack of subject matter jurisdiction based upon the *Rooker-Feldma*n doctrine.[2] Mr. Sherkat now appeals that ruling, and has filed two emergency motions regarding his appeal.

"The *Rooker-Feldman* doctrine 'bars a party losing in state court from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Johnson v. Riddle*, 305 F.3d

---

[1]We liberally construe his pro se pleadings. *Ledbetter v. City of Topeka,* 318 F.3d 1183, 1187 (10th Cir. 2003).

[2]The doctrine's name is derived from the two United States Supreme Court cases from which it arose: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

1107, 1116 (10th Cir. 2002) (citing *Kiowa Indian Tribe v. Hoover*, 150 F.3d 1163, 1169 (10th Cir. 1998)). This doctrine "not only prohibit[s] direct review of state judgments by lower federal courts, but it also prohibit[s] those federal courts from issuing any declaratory relief that is inextricably intertwined with the state court judgment." *Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991) (quotation marks and citations omitted).

We review a dismissal for lack of subject matter jurisdiction de novo. *U.S. West, Inc. v. Tristani*, 182 F.3d 1202, 1206 (10th Cir. 1999), *cert. denied,* 528 U.S. 1106 (2000). Here, Mr. Sherkat essentially seeks a dismissal and/or reversal of the state court proceedings, and the constitutional claims raised and relief sought are inextricably intertwined with the substance and procedure of the state court judgment. This is precisely the type of meddling in state court affairs the *Rooker-Feldman* doctrine proscribes.

Accordingly, we **AFFIRM** the district court's dismissal of Mr. Sherkat's complaint for lack of subject matter jurisdiction based upon the *Rooker-Feldman* doctrine. Further, Mr. Sherkat's two emergency motions are denied as moot.

**Entered by the Court:**

**TERRENCE L. O'BRIEN**
United States Circuit Judge