**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 28 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

YERICHO YISRAEL,

        Plaintiff-Appellant,

v.

JANICE D. RUSSELL, Johnson County, Kansas, District Judge, in her personal and official capacities; JAMES FRANKLIN DAVIS, Johnson County, Kansas, District Judge, in his personal and official capacities; PATRICK D. MCANANY, Johnson County, Kansas, Chief District Judge, in his personal and official capacities; STEVE LEBEN, Johnson County, Kansas, District Judge, in his personal and official capacities; ELLEN AISENBREY, attorney, in her individual, professional and assumed official capacities; KATHLEEN L. SLOAN, District Court Trustee, in her personal and official capacities; JIM ROBERTSON, Director, Kansas Department of Social and Rehabilitation Services, Child Support Enforcement Agency; DOUG NOLAN, Kansas Department of Social and Rehabilitation Services, Child Support Enforcement Agency, in his personal and official capacities; KAYE A. LONG, Kansas Department of Social and Rehabilitation Services, Child

No. 03-3084
(D.C. No. 01-CV-2277-GTV)
(D. Kan.)

Support Enforcement Agency, in her
personal and official capacities;
HOWARD COATNEY, MSW,
LSCSW, Clinical Social Worker,
Therapist, Consultant, Pastoral Care
and Counseling Intern, Vineyard
Christian Fellowship of Kansas City,
in his personal and assumed official
capacities; CHARLES O.
ROSSOTTI, Commissioner, Internal
Revenue Service, in his official
capacity; PAUL O'NEILL, Secretary
of the United States Department of
the Treasury, in his official capacity;
WADE F. HORN, Assistant Secretary
for Children and Families, United
States Department of Health and
Human Services, in his official
capacity; K. KING BURNETT,
President, National Conference of
Commissioners on Uniform State
Laws; JOHN ASHCROFT, United
States Attorney General,

Defendants-Appellees.

---

**ORDER AND JUDGMENT** [*]

---

Before **MURPHY** , **HARTZ** , and **McCONNELL** , Circuit Judges.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Yericho Yisrael, proceeding pro se, appeals the district court's order dismissing his amended complaint brought to redress violations of his rights caused by orders issued by a Kansas state divorce court. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Background

We provide only a brief summary of the underlying facts essential to our discussion. Mr. Yisrael's wife moved to Kansas from the family home in Tennessee, taking the couple's children with her. Once in Kansas, she filed for a divorce and sought orders for child custody and support. Mr. Yisrael declined to submit to the jurisdiction of the State of Kansas. Accordingly, the Kansas state court ruled that it lacked in personam jurisdiction over him so it could not enter orders pertaining to property division and spousal maintenance. The Kansas state court determined, however, that it did have jurisdiction to dissolve the marriage, to enter an order awarding custody of the children to Mr. Yisrael's former wife, to provide for child visitation with Mr. Yisrael, and to require Mr. Yisrael to pay child support. Mr. Yisrael did not participate in the divorce proceedings except to

-3-

make a limited appearance to challenge jurisdiction. He did not appeal the divorce court's decree. Instead, he filed the underlying action in a Kansas federal district court, alleging that the divorce proceedings and all who participated in them or facilitated them in some way violated his civil rights. He sought damages under RICO and 42 U.S.C. §§ 1983, 1985(3) and 1986. He also brought claims under Kansas state law for conspiracy, intentional infliction of emotional distress, defamation, libel, and fraud. In addition, he requested declaratory relief. The federal district court dismissed the case.

Mr. Yisrael appeals. He asserts that the federal court was required to evaluate whether the Kansas state court had jurisdiction to enter its orders in the divorce proceedings and that the jurisdictional issue is separate and apart from the merits of the divorce orders. He further maintains that once the district court held that it lacked jurisdiction to review the state-court's orders, its additional rulings were void. The defendants-appellees urge this court to affirm all of the district court's rulings. Mr. Yisrael fully addressed all of those arguments in his six voluminous reply briefs, which were filed with court permission.

Standards of Review

We review de novo a district court's decision to dismiss for lack of subject-matter jurisdiction. *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 473 (10th Cir. 2002). We also review de novo an order dismissing a complaint for

failure to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure, using the same standard applied by the district court. *Ordinance 59 Ass'n v. United States Dep't of Interior Sec'y*, 163 F.3d 1150, 1152 (10th Cir. 1998). "We accept as true all well-pleaded facts, as distinguished from conclusory allegations, and view those facts in the light most favorable to the nonmoving party." *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998). Because plaintiff is representing himself on appeal, his pleadings will be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Analysis

The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to entertain claims for review of state-court judgments. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16 (1923). The doctrine "applies to *all* state-court judgments, including those of intermediate state courts." *Kenmen Eng'g*, 314 F.3d at 473, 478. It also applies to claims "inextricably intertwined" with a state-court judgment. *Id.* at 475. If a plaintiff could have raised a constitutional issue in a direct appeal of the state-court order, he may not bring that claim under 42 U.S.C. § 1983 seeking to modify the state-court judgment. *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991).

To determine if *Rooker-Feldman* applies, we look to the relief Mr. Yisrael seeks. *Kenmen Eng'g*, 314 F.3d at 476. He requests a federal-court judgment setting aside the Kansas divorce orders. *See, e.g.,* Reply Br. to Judicial Defendants, at 22 ("Yisrael never asked for appellate review to change or modify the Kansas State Court Orders, but rather to declare it [sic] null and void."). Mr. Yisrael argues emphatically that *Rooker-Feldman* does not apply because the federal court can grant him relief without evaluating the merits of the state-court orders. But because the relief he seeks from the federal court is an order setting aside the state-court orders, his federal claims are inextricably intertwined with those orders. *See Kenmen Eng'g*, 314 F.3d at 476-77 (holding federal claims were inextricably intertwined with state-court order because relief sought by federal-court plaintiff was ruling vacating state-court order). Therefore, we conclude that the federal district court correctly applied *Rooker-Feldman* and held that it was without jurisdiction to review any rulings by the Kansas state court.

We now turn to the remainder of the federal district court's rulings. We must reject Mr. Yisrael's view that once the district court determined it lacked jurisdiction over the state-court orders, its further holdings were moot. To the contrary, Mr. Yisrael's claims against the defendants were independent of his request to declare the Kansas state court's orders null and void.

As noted above, Mr. Yisrael's claims against all defendants were based on their actions related to the divorce case. We have carefully reviewed the numerous and lengthy briefs submitted by the parties, as well as the record on appeal. Applying the standards set out above, we affirm the order dismissing the amended complaint and closing the case for the same reasons stated in the district court's cogent and succinct order dated February 7, 2003.

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Michael W. McConnell
Circuit Judge