**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1496
_____

RANDALL WINSLOW,
                              Appellant

v.

P. J. STEVENS; J. LAZARUS; J. COLVILLE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:14-cv-04550)
District Judge: Honorable Thomas N. O'Neill, Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 1, 2015
Before:  FISHER, SHWARTZ and COWEN, Circuit Judges

(Filed: December 2, 2015)
_____

OPINION[*]
_____

PER CURIAM

    Randall Winslow appeals pro se from the District Court's dismissal of an action

brought pursuant to 42 U.S.C. § 1983.  For the reasons that follow, we will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Winslow was involved in a case before the Court of Common Pleas of Chester County in which he had hired an attorney. Winslow contends that the attorney had agreed to appeal his case but then failed to do so. Thereafter, Winslow pursued a pro se breach of contract case against that attorney. The Court of Common Pleas granted summary judgment in favor of Winslow's lawyer on the ground that Winslow had failed to comply with Pennsylvania Rule of Civil Procedure 1042.3, which requires a certificate of merit in an action that claims a licensed professional deviated from an acceptable professional standard. One of Winslow's arguments before the Court of Common Pleas was that Rule 1042.3 violated the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. The Superior Court affirmed, and the Pennsylvania Supreme Court denied Winslow's petition to appeal.

Disappointed but undaunted, Winslow thought the federal courts might grant him the relief he sought. Accordingly, he brought a civil rights complaint in the United States District Court for the Eastern District of Pennsylvania against the three Pennsylvania Superior Court judges that had decided his state appeal. Winslow's federal complaint argued that Rule 1042.3 is unconstitutional, and sought, among other things, declaratory relief, a trial against his attorney in a county other than Chester County, and a "[p]roper proceeding for redress and remedy." After briefing on the defendants' motion to dismiss, the District Court dismissed Winslow's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief could be granted. Winslow thereafter attempted to file an amended complaint naming the Supreme Court of Pennsylvania and

2

the Commonwealth of Pennsylvania as defendants, but the District Court denied that attempt, stating that no case was pending. This appeal followed.

We have jurisdiction to review the District Court's order dismissing Winslow's complaint under 28 U.S.C. § 1291. We exercise plenary review over a district court's decision to grant a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) or 12(b)(6). Free Speech Coal., Inc. v. Attorney Gen. of U.S., 677 F.3d 519, 529-30 (3d Cir. 2012). We construe Winslow's pro se pleadings liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and may affirm the judgment on any basis that the record supports, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Multiple jurisdictional and pleading rules doom Winslow's lawsuit, but we recognize our "independent obligation to determine whether subject-matter jurisdiction exists." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). To resolve this appeal, it suffices to rely on the following analysis.

The Rooker-Feldman doctrine bars certain "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Thus, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments[.]" Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 165 (3d Cir. 2010). That rule applies to "challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the

3

state court's action was unconstitutional." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983) "[T]here are four requirements that must be met for the Rooker-Feldman doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great W. Mining & Mineral Co., 615 F.3d at 166 (quoting Exxon Mobil, 544 U.S. at 284) (alterations in original).

Although Rooker-Feldman is a "narrow doctrine that applies only in limited circumstances," id. at 169 (quotations omitted), there is no question that these four requirements apply to Winslow's federal lawsuit. The only prerequisite that Winslow meaningfully disputes is the fourth one, as he characterizes his case as an independent constitutional challenge that does not require direct review and rejection of the state court's judgment in his state suit against his lawyer. Here, there is nothing independent about Winslow's federal claims. The Court of Common Pleas and the Superior Court each explicitly considered and rejected Winslow's constitutional challenge to Rule 1042.3.[1] What Winslow seeks is an improper "review of the proceedings already conducted by the 'lower' tribunal to determine whether it reached its result in accordance

---

[1] Winslow also argued before the District Court that Rule 1042.3 violated the Contract Clause in Article I of the United States Constitution. The state courts did not comment on that legal theory because, apparently, Winslow did not raise it during his state proceedings. That does not change the outcome here because Winslow may not "escape Rooker-Feldman by raising a new constitutional theory in federal court." Valenti v. Mitchell, 962 F.2d 288, 296 (3d Cir. 1992).

4

with law"—i.e., that his case against his attorney should not have been dismissed because Rule 1042.3 is unconstitutional—as opposed to an independent claim that simply "denies a legal conclusion reached by the state court." Id. at 168-69. As a result, the District Court did not err in applying Rooker-Feldman to Winslow's complaint and in dismissing his challenge to the judgment against him in his state case.

That said, construing Winslow's pleadings liberally, it is perhaps possible that he also sets out a facial challenge to Rule 1042.3 seeking a prospective declaration that the rule is unconstitutional, which would apply in future cases but would not disturb the dismissal of his prior state case against his attorney. The Rooker-Feldman doctrine would not bar such a challenge. See Feldman, 460 U.S. at 486-87; Centifanti v. Nix, 865 F.2d 1422, 1424-30 (3d Cir. 1989). But cf. Stern v. Nix, 840 F.2d 208, 212 (3d Cir. 1988) (denying what was asserted to be a general challenge as a "skillful attempt to mask the true purpose of the action").

But even if we construe Winslow's pleadings as such a challenge, we must still affirm the District Court's judgment because Winslow lacks constitutional standing. The fact that Rooker-Feldman does not bar a particular claim does not itself imply that a plaintiff has standing to bring it. See Grendell v. Ohio Supreme Court, 252 F.3d 828, 836-38 (6th Cir. 2001). Here, Winslow lacks standing as there is no foreseeable prospect that Rule 1042.3 will bar some hypothetical future lawsuit he might assert against an attorney or other licensed professional. See City of Los Angeles v. Lyons, 461 U.S. 95, 97-113 (1983). Thus, there is no justiciable case or controversy involving Winslow and

5

Rule 1042.3. See Facio v. Jones, 929 F.2d 541, 544 (10th Cir. 1991) ("[A]fter separating out [plaintiff's] impermissible request that the federal district court overturn the state judgment against him, his situation is indistinguishable from that of any other citizen of Utah who, without any palpable chance of being subjected to those procedures in the future, might desire to challenge that state's default judgment rule."); cf. also Brown v. Fauver, 819 F.2d 395, 399-400 (3d Cir. 1987) (plaintiff lacked standing to seek prospective relief when he could not pursue claims predicated upon past application of allegedly unconstitutional rule).[2]

The remaining question is whether the District Court should have allowed Winslow to file an amended complaint, as Winslow attempt to do after the District Court had closed the case. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) ("[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). In its opinion, the District Court did not explicitly consider whether Winslow should have had the opportunity to amend his complaint, or determine that amendment would have been inequitable or futile. But here, Winslow's jurisdictional and standing deficiencies are incurable and any amendment

---

[2] One consequence of this is that Winslow could not resuscitate his suit simply by suing the Justices of the Pennsylvania Supreme Court, who propagate rules like Rule 1042.3.

would indeed have been futile. As a result, we conclude that the District Court did not err in denying Winslow the opportunity to file an amended complaint.

In light of the foregoing, we will affirm the District Court's judgment.