**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1475
_____

RANDALL WINSLOW,
                                                             Appellant

v.

SUPREME COURT OF PENNSYLVANIA; PENNSYLVANIA BAR ASSOCIATION;
CHESTER COUNTY BAR ASSOCIATION; and WILLIAM P. MAHON
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:19-cv-4632)
District Judge:  Honorable Mitchell S. Goldberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 13, 2021
Before:  AMBRO, PORTER and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  May 3, 2021)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Randall Winslow sued the Supreme Court of Pennsylvania, two bar associations, and a state trial judge. Winslow sought to invalidate Pennsylvania Rule of Civil Procedure 1042.3, which requires a certificate of merit (COM) in professional malpractice cases. Winslow claimed that his inability to afford a COM means that Rule 1042.3 creates an unconstitutional barrier to certain types of litigants and litigation. Three defendants entered their appearances and moved to dismiss the complaint. The District Court granted the motions based on the Rooker-Feldman[1] doctrine, a jurisdictional ground raisable in a motion under Federal Rule of Civil Procedure 12(b)(1).[2] The District Court determined that Winslow was, in effect, seeking federal court review of two state-court malpractice cases that he lost due to lack of COMs. To support its determination, the District Court cited our decision affirming the Rooker-Feldman-based dismissal of Winslow's virtually-identical-in-substance prior suit. See Winslow v. Stevens, 632 F. App'x 721 (3d Cir. 2015) (per curiam); cf. Dist. Ct. Op. at 6 ("The Third Circuit's ruling now acts as a collateral estoppel that binds me to conclude

---

[1] D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923).

[2] The District Court dismissed the non-appearing, fourth defendant (the Pennsylvania Bar Association) from suit under Federal Rule of Civil Procedure 4(m), because it was not timely served with process.

2

that Plaintiff's constitutional claim—as applied to his state lawsuit against [one of his prior attorneys]—is barred by the Rooker-Feldman doctrine.").

Winslow appealed. Our appellate jurisdiction is provided by 28 U.S.C. § 1291. See Gomez v. Gov't of V.I., 882 F.2d 733, 736 (3d Cir. 1989). We review de novo an order granting a motion under Rule 12(b)(1) that facially attacks the District Court's jurisdiction. Davis v. Wells Fargo, 824 F.3d 333, 346 (3d Cir. 2016).[3] And we may affirm on any basis supported by the record. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

We have carefully reviewed Winslow's brief, in which he argues at length that the District Court misapplied Rooker-Feldman. Winslow's arguments are ultimately unavailing, for at least the three reasons that follow.

First, this Court already has determined that Rooker-Feldman bars any attempt by Winslow to collaterally attack the adverse state court ruling, in his original malpractice case, by way of a federal court action to invalidate Rule 1042.3. See Winslow, 632 F. App'x at 723. To the extent that Winslow has attempted to do just that (again), the District Court was correct to support its jurisdictional ruling by invoking the doctrine of issue preclusion. See Burlington N. R.R. v. Hyundai Merchant Marine Co., 63 F.3d 1227, 1231–32 (3d Cir. 1995) (outlining the requirements for application of issue preclusion).

---

[3] Winslow does not challenge on appeal the District Court's Rule 4(m) dismissal.

Second, it matters not that Winslow's complaint at issue referenced a failed malpractice action against an attorney different from the attorney whose alleged malpractice was at issue in the prior complaint. To that separate malpractice case Rooker-Feldman applies with equal force, using the same rationale previously employed by this Court, see Winslow, 632 F. App'x at 723, and by the District Court below. Here too, then, issue preclusion bars what appears to be nothing more than a request by Winslow to relitigate the past.

Third, even if Winslow were right that there is some facet of his case that eludes Rooker-Feldman—on the theories that he claims prospective injury or instead an injury to the general public—it would not alter our disposition. Winslow lacks constitutional standing to press either theory. Cf. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016), as revised (May 24, 2016) (explaining that "the 'irreducible constitutional minimum' of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision") (citation omitted). Specifically, there is still "no foreseeable prospect that Rule 1042.3 will bar some hypothetical future lawsuit [Winslow] might assert against an attorney or other licensed professional." Winslow, 632 F. App'x at 724.[4] And Winslow cannot demonstrate

---

[4] That we previously ruled on Winslow's standing to challenge Rule 1042.3, based on alleged prospective harm, is yet another basis for application of issue preclusion.

standing by alleging that he seeks vindication for the public generally. Cf. Carney v. Adams, 141 S. Ct. 493, 499 (2020) (explaining that "a plaintiff cannot establish standing by asserting an abstract 'general interest common to all members of the public,' 'no matter how sincere' or 'deeply committed' a plaintiff is to vindicating that general interest on behalf of the public") (citations omitted).

Accordingly, the District Court's judgment will be affirmed.